UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:13-CV-521-H

JOYCE "ROXANNE" VAUGHN                                                    PLAINTIFF

V.

TARGET CORPORATION                                                        DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff Joyce "Roxanne" Vaughn was injured after falling in one of Defendant Target Corporation's stores. She alleges a small, dark, sticky substance on the floor caused the fall and sued Target for negligence. Target denies there was anything on the floor and moved for summary judgment, arguing Vaughn presented only a mere "scintilla of evidence" to support her case. For the reasons that follow, the Court will deny the motion.

I.

A surveillance video captured Vaughn's fall, so some of the facts in this case are undisputed. Vaughn was walking alone on a white tile floor in Target when she fell forward and onto her side. Ken Puckett, Target's Executive Team Leader with 34 years of experience, was walking in the opposite direction; he passed the precise area of Vaughn's fall just six seconds before it happened. Just after the fall, Puckett and other Target employees assisted Vaughn. A Target employee completed an incident report later in the day.

Did something on the floor cause her fall? Vaughn claims she stepped on a small, dark, sticky substance. Target disagrees. The place on the tile where Vaughn fell is obstructed and blurred in the surveillance video, but the parties have both presented evidence on the question.

Vaughn has two sources of support to establish the existence of a spot on the floor: her word and a shoe. First, she has sworn that she saw and felt the substance on both the floor and her shoe. In her deposition, Vaughn testified that she saw a brown, sticky, textured substance on the floor, roughly "an inch or an inch and a half" wide, immediately after her fall. (DN 28-3, at 27.) Moreover, she testified that she immediately discovered that some of this substance had transferred from the floor to her shoe. (DN 28-3, at 28.) Second, Vaughn claims to have kept the shoe and photographs of the shoe. She brought a pair of gold, open-toed shoes to her deposition with a dark substance on the sole of the left shoe. She stated that she had not worn the shoes since her fall and that the substance on the sole "had to be" the same material she stepped in to cause her fall. (DN 28-3, at 28.)

Target presents a different story. First, seconds before Vaughn's fall, Puckett walked right by the alleged location of the substance but saw nothing on the floor. Second, Puckett could not find the substance on the floor immediately after Vaughn's fall. In his deposition, Puckett described somewhat of an awkward exchange with Vaughn after the fall. Puckett claims he approached Vaughn to "see if she was okay" after falling. (DN 28-4, at 22.) Vaughn then pointed to the ground and told Puckett there was a brown substance on the floor. (DN 28-4, at 22.) Puckett testified: "I looked and I didn't see anything. Then she said, 'it's right there.' And I rubbed the floor. And I saw nothing." (DN 28-4, at 22-23.) After Puckett offered to fill out an incident report, Vaughn walked away. (DN 28-4, at 22.) And Puckett continued looking for this spot on the floor: "I even got down on my hands and knees and rubbed the floor with my bare hand, but I didn't see or feel anything." (DN 28-4, at 22-23) And though the surveillance video is far too blurry to show details, it does appear to show Puckett bending over, looking for a spot, and touching the floor immediately after the incident. Third, there was never a clean-up of the

2

area where Vaughn fell. Fourth, Target does not believe Vaughn brought the proper shoes to her deposition. These shoes were presented for the first time at her deposition, which occurred several months after the fall. In addition, the shoes she brought to the deposition were gold, but the shoes described in the incident report were black.

Target also provides another possible explanation for the fall. The video depicts Vaughn walking down a main walkway in the store, perpendicular to the aisles. Just before Vaughn fell, a shopping cart appeared out of the perpendicular aisle closest to Vaughn. Again, the video footage is very unclear, but Target has posited that this cart may have struck or scared Vaughn, causing her to fall. Vaughn herself denies the cart had anything to do with her accident.

II.

Target has moved for summary judgment, which is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In analyzing a summary judgment motion, a court must construe the evidence in the light most favorable to the nonmoving party. *See Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). But "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Ultimately, the reviewing court must determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

The Court will apply the substantive law of Kentucky to the claim at issue while applying the standards of Rule 56 to evaluate Target's motion. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 566 (6th Cir. 2001). To establish a prima facie case of negligence, Plaintiff must

prove: (1) Defendant owed a duty to Plaintiff; (2) Defendant breached that duty; (3) the breach was the actual and legal cause of Plaintiff's injuries; and (4) Plaintiff's injuries resulted in damages. *Helton v. Montgomery*, 595 S.W.2d 257, 258 (Ky. App. 1980). Kentucky courts have applied this standard to premises liability cases. Under Kentucky law,

> a possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he: (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees; and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it; and (c) fails to exercise reasonable care to protect them against the danger.

*Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431, 432-33 (Ky. 2003) (quoting Restatement (Second) of Torts § 343 (A.L.I. 1965)).

In applying this standard to slip-and-fall or trip-and-fall cases, Kentucky courts employ a burden-shifting framework. Plaintiff first bears the burden of proving (1) she had an encounter with a foreign substance or other dangerous condition on the business premises; (2) the encounter was a substantial factor in causing the accident and the customer's injuries; and (3) by reason of the substance or condition, the business premises were not in a reasonably safe condition. *Martin v. Mekanhart Corp.*, 113 S.W.3d 95, 98 (Ky. 2003) (citations omitted). "Such proof creates a rebuttable presumption sufficient to avoid summary judgment." *Id.* The burden then shifts to Defendant to prove the absence of negligence. *Id.*

Here, Vaughn does not have overwhelming evidence, or even very convincing evidence, of a substance that caused her to fall. Certainly, Vaughn has testified that her foot stuck on a small, brown, sticky substance in Target. She has also produced what she believes to be the shoe she wore on the day of her fall—and it still carries some dark residue on the sole. Though the testimony and actions of Target employees strongly contradict these claims, the Court must view the evidence in the light most favorable to Vaughn at this stage.

4

The Sixth Circuit has recently intimated that Plaintiff's burden at this stage of a slip-and-fall case is not substantial where Plaintiff has presented sworn testimony to establish its prima facie case. In *Denney v. Steak N Shake Operations*, 559 F. App'x 485, 486 (6th Cir. 2014), Plaintiff claimed that he tweaked his knee after sliding (but not falling) in a Steak N Shake restaurant. Though he admitted there was nothing different about the spot on the floor where he slid, Plaintiff claimed there was something wrong with the entire floor—and testified that he saw others in the restaurant having trouble walking, too. *Id.* at 487. The store manager disagreed and testified that there was nothing wrong with the floor, and Plaintiff had no other evidence. *Id.* at 477. The court ultimately held that summary judgment was inappropriate, ruling that "Plaintiff's competent testimony about others in the restaurant slipping on the floor satisfied this element of his prima facie case." *Id.* at 477-78.

Like Plaintiff in *Denney*, Vaughn has limited evidence concerning the existence of a dangerous floor—but summary judgment is still inappropriate. Vaughn has her sworn testimony and a shoe to establish that she fell on a brown, sticky substance in Target. The surveillance video may support Target's theory of the case, but the blurry video is certainly open to more than one interpretation. At this stage, the Court must view the facts in a light most favorable to Vaughn. "[W]eighing evidence is the jury's task, not the Court's." *Denney*, 559 F. App'x at 487. Summary judgment is a low bar in a slip-and-fall case where Plaintiff has presented competent testimony to support a prima facie case, and Vaughn has crawled over it.


Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant Target Corporation's Motion for Summary Judgment is DENIED.

IT IS FURTHER ORDERED that Plaintiff Joyce "Roxanne" Vaughn's Motion to Strike portions of Target's reply brief is DENIED.

The Court will set a trial date in the near future.

cc: Counsel of Record