FILED
VANESSA L. ARMSTRONG, CLERK

OCT 02 2015

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOYCE "ROXANNE" VAUGHN,

v.   Civil Action No. 3:13-cv-521-DJH

TARGET CORPORATION,                                        Defendant.

\* \* \* \* \*

## JURY INSTRUCTIONS

**Members of the Jury**, now that you have heard all of the evidence and the argument of the attorneys, it is my duty to give you instructions on the law applicable to this case.

It is your duty as jurors to follow the law stated in the instructions, and to apply it to the facts you find from the evidence. Do not single out one instruction alone as stating the law. Rather, consider the instructions as a whole. Do not let the wisdom of any rule of law concern you. You must apply the law in these instructions whether you agree with it or not.

Your primary duty is to determine the facts. In so doing, you must consider only the evidence I have admitted. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record. It is your own interpretation and recollection of the evidence that controls. The statements, objections, and arguments of the lawyers are not evidence. What the lawyers have said is not binding upon you. You are permitted to draw reasonable inferences, deductions, and conclusions from the testimony and exhibits which you feel are justified in the light of your own common sense.

By telling you to consider the evidence, I do not mean to suggest that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness and the weight to be given their testimony. You may

measure the credibility of any witness by considering their demeanor on the witness-stand, their frankness or lack of it, and their interest in the outcome of the case, if any.

A witness may be discredited or impeached by contradictory evidence or by evidence that the witness said or did something, or failed to say or do something, at some other time, which is inconsistent with the witness' present testimony. If you believe any witness has been impeached, and thus discredited, you may determine the weight, if any, to give such a conclusion.

The rules of evidence permit a witness who by education and experience has become an expert in any art, science, or profession to state an opinion and the reasons for it. You should consider this evidence and give it such weight as you, in the application of your common sense, may think it deserves. If you conclude that the reasons supporting an opinion are not sound or that other credible evidence or expert opinions outweigh the opinion of a particular expert, then you may reject that opinion in whole or in part.

The number of witnesses testifying as to the existence or nonexistence of any fact does not, necessarily, determine the weight of the evidence. The quality and credibility of the evidence is usually more important in your deliberations.

In this case, Plaintiff must persuade you that their claim is more likely true than not. If Plaintiff fails to persuade you on every essential element of their claim, then you should find for Defendant on that claim.

## INSTRUCTION NO. 1

The Plaintiff, Joyce "Roxanne" Vaughn, claims that the Defendant, Target, breached its duty to maintain safe facilities. Under Kentucky law, a business is not absolutely liable to those it invites onto its premises, but it has a duty to exercise ordinary care to prevent injuries. Ordinary care means such care as you, the jury, would expect an ordinarily prudent company engaged in the same type of business to exercise under the same or similar circumstances.

If you are satisfied from the evidence that it is more likely true than not that the Defendant failed to exercise ordinary care to maintain its premises in a reasonably safe condition, and that this failure was a substantial factor in causing the Plaintiff to fall and sustain injury, then you will find for the Plaintiff. Otherwise, you will find for the Defendant.

Please indicate your decision under this instruction in Part One of the Verdict Form. If you found for the Plaintiff, please proceed to Instruction No. 2. If you found for the Defendant on this question, please sign the Verdict Form and tell the Court Security Officer that you have completed your deliberations.

## INSTRUCTION NO. 2

You must now determine the amount of money that will fairly and reasonably compensate the Plaintiff for any injury or injuries she suffered as a result of her fall. Any award you give must be fair compensation in light of the evidence presented at trial—no more and no less. If proved, the Plaintiff may recover the following:

(1) Physical and mental pain and suffering that is substantially related to the Plaintiff's fall (not to exceed $150,000);

(2) Past medical expenses incurred that are substantially related to the Plaintiff's fall (not to exceed $21,740.75); and

(3) Future medical expenses you believe the Plaintiff will incur for medical care in the future that are substantially related to the Plaintiff's fall (not to exceed $25,000).

In determining the amount of damages to award, you should be guided by logic and common sense, drawing reasonable inferences from the evidence. You may not award damages based on mere guesswork; however, the law does not require a plaintiff to prove damages with mathematical precision.

Please indicate the amount of damages, if any, in Part Two of the Verdict Form. Then, proceed to Instruction No. 3.

## INSTRUCTION NO. 3

It was the duty of the Plaintiff, Joyce "Roxanne" Vaughn, to exercise ordinary care for her own safety and protection while at Target. Ordinary care means such care as you, the jury, would expect an ordinarily prudent person to exercise under the same or similar conditions.

If you determine that it is more likely true than not that the Plaintiff failed to comply with her duty and that such failure was a substantial factor in causing the fall and her injuries, then answer "Yes" in Part Three of the Verdict Form and proceed to Instruction No. 4. Otherwise, answer "No," sign the Verdict Form, and tell the Court Security Officer that you have completed your deliberations.

## INSTRUCTION NO. 4

If you answered "Yes" in Part Three of the Verdict Form, you must determine what percentage of the total fault is attributable to each of the parties. In apportioning fault between Target and Joyce "Roxanne" Vaughn, you should consider both the nature of the conduct of each and the extent of damages caused by that conduct. Please indicate your decision under this Instruction in Part Four of the jury form.

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reach an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and even change your opinion, if you become convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Upon retiring to the jury room, you will select someone to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court. A verdict form has been prepared for your convenience. You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in the Verdict Form with respect to each issue on which you unanimously agree. The foreperson will then date the form and sign it with his or her name and jury number. You will then return to the courtroom with your verdict.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOYCE "ROXANNE" VAUGHN,                                              Plaintiff,

v.                                                          Civil Action No. 3:13-cv-521-DJH

TARGET CORPORATION,                                                  Defendant.

\* \* \* \* \*

## VERDICT FORM

### Part One

**We, the Jury,** find for Joyce "Roxanne" Vaughn under Instruction No. 1:

    YES _____        NO _____

If you answered "NO," do not answer Parts Two, Three, and Four.

### Part Two

**We, the Jury,** make the following findings of damages under Instruction No. 2:

    (1) Pain and Suffering        $_____

    (2) Past Medical Expenses     $_____

    (3) Future Medical Expenses   $_____

### Part Three

**We, the Jury,** find that Joyce "Roxanne" Vaughn failed to exercise ordinary care under Instruction No. 3:

    YES _____        NO _____

If you answered "NO," do not answer Part Four.

## Part Four

**We, the Jury,** find the percentage of total fault to be attributable to the parties as follows:

    (1) Target                              _____%

    (2) Joyce "Roxanne" Vaughn     _____%

_____
FOREPERSON SIGNATURE

_____
FOREPERSON JUROR NUMBER

DATE: _____